COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Kelsey and McClanahan
Argued at Richmond, Virginia


SHANORDA DONIEL MORRIS, S/K/A
  SHENORDA D. MORRIS
                                                        OPINION BY
v.        Record No. 2205-03-2          JUDGE ELIZABETH A. McCLANAHAN
                                                   FEBRUARY 22, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                           Herbert C. Gill, Jr., Judge

            William B. Bray (Perry & Bray, on brief), for appellant.

            Richard B. Smith, Senior Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellee.


        Shanorda Doniel Morris was convicted of robbery, use of a firearm in the commission of

a felony, and possession of a firearm by a convicted felon, in violation of, respectively, Code

§§ 18.2-58, -53.1, and -308.2.  On appeal, Morris argues that the trial court erred in:  (1) failing

to dismiss the indictments for robbery and possession of a firearm after a felony conviction, on

the grounds of double jeopardy, and (2) failing to dismiss the indictments for robbery, possession

of a firearm after a felony conviction, and use of a firearm, applying Code § 19.2-294.  For the

following reasons, we affirm the decision of the trial court.

                                    I.  BACKGROUND

        Morris entered a convenience store, produced a handgun and demanded money from the

store clerk.  The clerk gave him approximately $80.  As he was leaving the store, he directed the

clerk to provide him with a carton of cigarettes.  After receiving the cigarettes, Morris left the

store.

Police obtained six arrest warrants for Morris. Three warrants were for the felonies of robbery, use of a firearm during the commission of a felony, and intentionally carrying a firearm after having been convicted of a felony, in violation of, respectively, Code §§ 18.2-58, -53.1, and -308.2. The other three warrants were for the Class 1 misdemeanors of stealing and carrying away property valued at less than $200, carrying a concealed handgun, and brandishing a firearm, in violation of, respectively, Code §§ 18.2-96, -308 and -282. After Morris was arrested and read his <u>Miranda</u> rights, he admitted to robbing the store clerk with a handgun.

The general district court certified the felonies to the grand jury. During the same proceeding, the court addressed the misdemeanor charges, finding Morris guilty of concealing a weapon and brandishing a firearm and dismissing the petit larceny charge. Morris subsequently filed pleadings in the circuit court to dismiss the felony indictments on the grounds of double jeopardy and Code § 19.2-294. After hearing argument, the court overruled the motions. Morris then entered conditional guilty pleas to the three felony charges.

## II. ANALYSIS

### A. Code § 19.2-294

Morris argues that the trial court erred in failing to dismiss the indictments for robbery, possession of a firearm after a felony conviction, and use of a firearm in the commission of a robbery on the grounds that failure to do so was a violation of Code § 19.2-294. Code § 19.2-294 provides: "If the same act be a violation of two or more statutes . . . conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others." Code § 19.2-294 is "intended to protect an accused from the 'hazards of vexatious, multiple prosecutions.'" <u>Phillips v. Commonwealth</u>, 257 Va. 548, 553, 514 S.E.2d 340, 343 (1999). "By its terms, the statute only bars 'prosecutions or proceedings' after there has been a 'conviction.'" <u>Hall v. Commonwealth</u>, 14 Va. App. 892, 897, 421 S.E.2d 455, 459 (1992)

- 2 -

(*en banc*). Thus, "the statute does not apply to simultaneous prosecutions, because only a prior conviction for the violation of an act will bar a later prosecution for the same act." Phillips, 257 Va. at 552, 514 S.E.2d at 342.

Morris concedes that Phillips held that misdemeanor convictions in district court do not fall within the protection of Code § 19.2-294 where the prosecution includes a simultaneous hearing on related felonies. However, he argues that applying the holding of that case disregards the fact that the statute refers disjunctively to "prosecution" and "proceeding." In Slater v. Commonwealth, 15 Va. App. 593, 425 S.E.2d 816 (1993), we said that when charges are brought at the same time and joined in a single evidentiary hearing in the district court, the *proceedings* are concurrent rather than successive, even if the misdemeanor is concluded and the felony is tried later. Id. at 595, 425 S.E.2d at 817. According to Phillips, this is because "the amenability of the misdemeanor charges to an early conclusion in the general district court did not result in a successive prosecution of the felony charges in the circuit court." 257 Va. at 553, 514 S.E.2d at 343 (citing Slater, 15 Va. App. at 595, 425 S.E.2d at 817). In Phillips, the Virginia Supreme Court went on to say, "[i]n a criminal case, a 'prosecution' is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction." Id. (citing Sigmon v. Commonwealth, 200 Va. 258, 267, 105 S.E.2d 171, 178 (1958)). "The present prosecutions were simultaneous, not successive, because they were joined in a single evidentiary hearing in the general district court. Thus, the later events in the circuit court on the felony charges were merely a continuation of the same prosecution." Id. We have the same situation in the case at bar. The proceedings or prosecutions were simultaneous. We must apply the holding of Phillips and, therefore, Morris has no recourse under Code § 19.2-294. "We are bound by decisions of the Supreme Court of

Virginia and are without authority to overrule [them]." Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991).

Morris also contends that his robbery charge should be dismissed because Code § 19.2-294 is remedial legislation and should be strictly construed against the Commonwealth and in favor of the accused. On its face, however, Code § 19.2-294 is implicated only when both convictions are for violations of a statute or a local ordinance or a combination of such. It does not apply if one of the charges is a common law offense. Martin v. Commonwealth, 242 Va. 1, 8-9, 406 S.E.2d 15, 19, cert. denied, 502 U.S. 945 (1991). Morris' robbery charge is a common law offense and, therefore, Code § 19.2-294 is not applicable.

Additionally, as Morris points out, these arguments were raised by the dissent in Phillips. They were also raised in the dissent in Hall, 14 Va. App. 892, 421 S.E.2d 455, and the panel majority decision in Lash v. Henrico County, 13 Va. App. 251, 410 S.E.2d 689 (1991). The Lash decision was reversed by our *en banc* decision in Hall. None of the majority decisions in those cases adopted these arguments appellant again now raises.

### B. Double Jeopardy

Morris argues that the trial court erred in failing to dismiss the indictment for robbery on the ground that his constitutional protection against double jeopardy was violated. He claims that he was placed in double jeopardy: (1) because petit larceny is a lesser-included offense of robbery; (2) brandishing a firearm is a lesser-included offense of robbery; (3) possession of a firearm by a felon is a lesser-included offense of brandishing a firearm; and, (4) possession of a firearm by a felon is a lesser-included offense of carrying a concealed weapon.

"Double jeopardy principles 'protect against prosecution for the same offense after either an acquittal or a conviction of that offense and against multiple punishments for that same offense.'" Hudgins v. Commonwealth, 40 Va. App. 1, 5, 577 S.E.2d 505, 506-07 (2003)

(quoting Coleman v. Commonwealth, 261 Va. 196, 199, 539 S.E.2d 732, 733-34 (2001)). In the context of a simultaneous prosecution, the double jeopardy defense does not apply unless the defendant is twice punished for one criminal act, and, as Morris argues here, one punishment is for a crime that is a lesser-included offense. Goodman v. Commonwealth, 37 Va. App. 374, 385-86, 558 S.E.2d 555, 561 (2002).

Appellant's first double jeopardy claim is without merit. Although he was convicted of robbery, the petit larceny charge was dismissed by the district court. Thus, Morris did not receive "multiple punishments" for a "single offense," which is the only double jeopardy protection in a simultaneous prosecution case such as this one. Id.

Second, brandishing a firearm, Code § 18.2-282, is a not a lesser-included offense of robbery, Code § 18.2-58. To be convicted of brandishing a firearm, the defendant must point or brandish a firearm. Kelsoe v. Commonwealth, 226 Va. 197, 198, 308 S.E.2d 104, 104 (1983). "Robbery involves taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Phoung v. Commonwealth, 15 Va. App. 457, 462, 424 S.E.2d 712, 715 (1992) (citing Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992)). Given that robbery does not require the use of a firearm, and brandishing does not require the taking of property, but requires pointing or brandishing a firearm, it is clear that robbery can be committed without brandishing and brandishing can be committed without the taking of property.

Third, Morris further contends that the indictment for possession of a firearm by a felon, Code § 18.2-308.2, is barred as a lesser-included offense of brandishing a firearm, Code § 18.2-282, and of carrying a concealed weapon, Code § 18.2-308. According to Code § 18.2-308.2, it is unlawful for "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or stun weapon, taser . . . or . . . carry about his

person, hidden from common observation, any weapon described in subsection A of § 18.2-308." As stated above, the elements of brandishing a firearm under Code § 18.2-282 are (1) pointing or brandishing a firearm and (2) doing so in a manner to induce fear in the victim. Kelsoe, 226 Va. at 198, 308 S.E.2d at 104. Code § 18.2-308.2 requires the element that the defendant is a prior felon, and Code § 18.2-282 requires the elements of brandishing the firearm and creating fear in the mind of the victim. Both code sections require proof of an element that the other does not; therefore, possession of a firearm by a felon is not a lesser-included offense of brandishing a firearm.

Finally, Morris contends possession of a firearm by a felon is a lesser-included offense of carrying a concealed weapon. A conviction for carrying a concealed weapon, Code § 18.2-308(A), requires that one of the weapons set forth in the section has been carried about the defendant's person, "hidden from common observation." Code § 18.2-308.2 requires proof that defendant has committed a felony, which is not required under § 18.2-308(A). Code § 18.2-308(A) requires that the weapon is carried on the defendant's person, which is not required by § 18.2-308.2. Again, each code section requires proof of an element that the other does not.

Because Morris was not twice punished for one criminal act nor punished for a crime that is a lesser-included offense of another, his convictions do not violate the protections against double jeopardy. We, therefore, affirm.

Affirmed.

Benton, J., concurring.

As I have indicated on several occasions, the decision of the Supreme Court of Virginia in Coleman v. Commonwealth, 261 Va. 196, 200-01, 539 S.E.2d 732, 734 (2001), appears to be at variance with the United States Supreme Court's Blockburger analysis in Whalen v. United States, 445 U.S. 684, 693-94 (1980).  See Logan v. Commonwealth, 43 Va. App. 504, 508, 600 S.E.2d 133, 135 (2004) (Benton, J., concurring); Ragsdale v. Commonwealth, 38 Va. App. 421, 430-32, 565 S.E.2d 331, 336-37 (2002) (Benton, J., concurring).  Because I am bound by Coleman, I concur in the majority opinion's holding that brandishing a firearm is not a lesser-included offense of the armed robbery for which Morris was indicted and convicted.

I concur in the holdings that the other offenses are not lesser-included offenses, and I concur in the remainder of the opinion.  Therefore, I would also affirm the convictions.