COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Beales
Argued at Salem, Virginia


JASON ALAN HUFFMAN
                                                OPINION BY
v.       Record No. 2569-06-3           JUDGE ELIZABETH A. McCLANAHAN
                                                APRIL 8, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Jesse W. Meadows III, for appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


In a bench trial, Jason Alan Huffman was convicted of the charge of possession of a

firearm by a convicted felon in violation of Code § 18.2-308.2, and two misdemeanor charges of

brandishing a firearm in violation of Code § 18.2-282(A).  On appeal, Huffman challenges the

sufficiency of the evidence for one of his brandishing convictions.  For the following reasons, we

affirm the conviction.

I.  BACKGROUND

We review the evidence, and all fair inferences to be drawn from it, in the light most

favorable to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781,

786 (2003).  R. Moon and M. James were neighbors, whose houses were separated by a single

driveway.  Late in the afternoon (while still daylight), Huffman and a companion drove to

Moon's house and parked their vehicle in her yard.  Moon walked out of her house "to see what

was going on," and observed Huffman exiting the vehicle.  Shortly thereafter, C. Caruso,

Huffman's sixteen-year-old girlfriend, and her mother, M. Baron, pulled into the driveway and

exited their vehicle.  At that time, Moon saw Huffman "waving" a handgun "around in the air." Moon then observed Huffman load two bullets in the gun and continue "waving it around in the air."

Baron testified that Huffman was intoxicated and "just going off," that is, he was "[d]oing a lot of yelling and just being loud," all while holding the gun in his hand.  Baron also witnessed Huffman load the two bullets in the gun.  Baron explained that Huffman was angry and complaining because she and Caruso had arrived home a day later than expected from an out-of-state trip.  In addition, Huffman wanted Caruso to leave with him, but Baron would not permit Caruso to do so.

Upon hearing a "commotion" from the direction of the driveway while working in his backyard, James went to investigate.  He found Moon, Baron, Caruso, and Huffman in Moon's yard, with Huffman "raising Cain about something" and "waving a gun around."  Among other things, James stated to Huffman, "why don't you put that gun down before you hurt somebody," at which time Huffman threatened to shoot James.

Moon testified that James told Huffman to put the gun away "two or three times and he still wouldn't listen" and that she also told Huffman to put the gun away.  Huffman finally left with the gun, Moon explained, but only after James told Huffman that he was going to call the police.

In a bench trial, Huffman was convicted of possessing a firearm as a convicted felon and two brandishing violations *vis-à-vis* Moon and James, respectively.  Huffman challenges only his brandishing conviction as to Moon in this appeal.

## II.  ANALYSIS

Huffman contends the evidence was insufficient to prove he violated Code § 18.2-282(A) as to Moon.  We disagree.

- 2 -

When reviewing a challenge to the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation and internal quotation marks omitted). Thus, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original). Rather, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). See Seaton v. Commonwealth, 42 Va. App. 739, 746-48, 595 S.E.2d 9, 12-13 (2004).

Code § 18.2-282(A) provides, in relevant part, that "[i]t shall be unlawful for any person to point, or brandish any firearm . . . whether capable of being fired or not, in such manner as to reasonably induce fear in the mind of another." In Kelsoe v. Commonwealth, 226 Va. 197, 198, 308 S.E.2d 104, 104 (1983), the Supreme Court stated that "there are two elements of the offense: (1) pointing or brandishing a firearm, and (2) doing so in such a manner as to reasonably induce fear in the mind of a victim."

As to the first element, Huffman does not challenge the fact that he brandished a firearm in Moon's presence, for purposes of Code § 18.2-282(A). As to the second element, however, he argues there was insufficient evidence to establish that he brandished a gun in such a manner as to induce fear in the mind of Moon.

This Court has held, in connection with robbery, that "'the word "fear" . . . does not so much mean "fright" as it means "apprehension"; one too brave to be *frightened* may yet be apprehensive of bodily harm.'" Seaton, 42 Va. App. at 749, 595 S.E.2d at 14 (quoting 3 Wayne R. LaFave, Substantive Criminal Law § 20.3(d), at 187-88 (2d ed. 2003)) (emphasis in original). In other words, "'[w]hen the pertinent test is cast in terms of a victim being put in "fear" of

injury, *it is not necessary that the victim be frightened*; it is necessary merely that he be reasonably apprehensive of injury.'" Id. (quoting Charles E. Torcia, 4 Wharton's Criminal Law § 462, at 21 (15th ed. 1996)) (emphasis in original).

The dispositive issue in this case, therefore, is whether there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Moon was reasonably apprehensive of bodily harm induced by Huffman brandishing the gun in her presence.

> This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. It also ensures that we remain faithful to our duty not to substitute our judgment for that of the trier of fact, even were our opinion to differ.

Seaton, 42 Va. App. at 747-48, 595 S.E.2d at 13 (citations and internal quotation marks omitted).

In light of the totality of the circumstances, we conclude that Moon's request of Huffman to put his gun away was sufficient evidence of Moon's requisite apprehension of bodily harm. Such apprehension was then further confirmed by Moon's testimony that Huffman was only deterred from brandishing his gun by the threat of police intervention.

Arguing that the evidence was insufficient, Huffman points out that Moon did not expressly state in her testimony that she was fearful or apprehensive and that she did not remember what Huffman said or the tone of his voice. But the trial court, of course, was not limited to considering only those two statements. The trial judge "saw [Moon], heard [her] testify and was in closer touch with the situation than [this appellate] Court, which is limited to a review of the written record." Ferguson v. Grubb, 39 Va. App. 549, 557, 574 S.E.2d 769, 772 (2003). See Marable v.Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998)

("The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.").

For these reasons, we affirm Huffman's conviction.

<u>Affirmed.</u>