COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Willis

PAUL TALMADGE BOWDEN

                                                        OPINION BY
v.        Record No. 1651-07-1              JUDGE WILLIAM G. PETTY
                                                        OCTOBER 7, 2008

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Glen A. Tyler, Judge

(Patrick A. Robbins, on brief), for appellant.  Appellant submitting
on brief.

(Robert F. McDonnell, Attorney General; Richard B. Smith, Special
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.

Following a bench trial, appellant, Paul Talmadge Bowden, was convicted of aggravated

sexual battery in violation of Code § 18.2-67.3.  Bowden challenges this conviction, arguing that the

trial court erred when it held that aggravated sexual battery is a lesser-included offense of forcible

sodomy.  For the reasons stated below, we agree with Bowden and reverse his conviction.

I. BACKGROUND

Appellant, Paul Talmadge Bowden, was indicted for committing forcible sodomy by

cunnilingus on a child less than thirteen years of age in violation of Code § 18.2-67.1.  At the

conclusion of the Commonwealth's evidence, Bowden moved to strike, arguing that the

Commonwealth had not proved the element of penetration.  After the trial court ruled there was no

such proof, the Commonwealth contended that even if the evidence was insufficient to prove

forcible sodomy, "sexual battery [was] still a lesser-included offense."  The trial court agreed and

ultimately convicted Bowden of aggravated sexual battery. Bowden was sentenced to twenty years

incarceration with ten years suspended. This appeal followed.

## II. ANALYSIS

Because the Due Process Clauses of both the Constitution of the United States and the

Constitution of Virginia require that a criminal defendant be notified of the nature of the charges

against him, "an accused cannot be convicted of a crime that has not been charged, unless the

crime is a lesser-included offense of the crime charged." Commonwealth v. Dalton, 259 Va.

249, 253, 524 S.E.2d 860, 862 (2000). It is well settled that "[a] lesser-included offense is an

offense which is composed entirely of elements that are also elements of the greater offense."

Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 284 (1989). "Stated

differently, an offense is not a lesser-included offense if it contains an element that the charged

offense does not contain." Dalton, 259 Va. at 253, 524 S.E.2d at 862 (citing Jones v.

Commonwealth, 218 Va. 757, 759, 240 S.E.2d 658, 660 (1978)).

When determining "whether each [offense] requires proof of a fact which the other does

not . . . [,]" we examine the offenses "in the abstract, rather than with reference to the facts of the

particular case under review." Blythe v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798

(1981) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932); citing Whalen v. United

States, 445 U.S. 684, 688 (1980)) (internal quotation marks and citations omitted). Because this

case involves the trial court's application of a statute, we review *de novo*. Ainslie v. Inman, 265

Va. 347, 352, 577 S.E.2d 246, 248 (2003).

Viewing the elements of forcible sodomy and sexual battery in the abstract, we conclude

that sexual battery is not a lesser-included offense of forcible sodomy. As relevant to our

analysis, the crime of forcible sodomy is comprised of the following elements:

> 1. An accused shall be guilty of forcible sodomy if he or she
>    engages in cunnilingus with a complaining witness who is

> not his or her spouse, or causes a complaining witness,
> whether or not his or her spouse, to engage in such acts
> with any other person, and
>
> 2. The complaining witness is less than thirteen years of age
> or otherwise included in Code § 18.2-67.1(A)(2).

See Code § 18.2-67.1; see also Horton v. Commonwealth, 255 Va. 606, 612, 499 S.E.2d 258, 261 (1998). Further, "[p]enetration is an essential element of the crime of sodomy." Ryan v. Commonwealth, 219 Va. 439, 444, 247 S.E.2d 698, 702 (1978). The element of penetration may be proved by circumstantial evidence, and the penetration "need only be slight." Id.; see also Horton, 255 Va. at 613, 499 S.E.2d at 261-62 ("[W]e conclude that penetration of any portion of the vulva is sufficient to prove sodomy by cunnilingus." (citations omitted)).

In contrast, the crime of aggravated sexual battery is composed of the following elements:

> 1. The accused intentionally touched either the complaining
> witness's genitalia, anus, groin, breast, or buttocks or
> material covering those body parts;
>
> 2. With the intent to sexually molest, arouse, or gratify either
> the perpetrator or the victim; and
>
> 3. The victim was less than thirteen years of age, or otherwise
> included in Code § 18.2-67.3(A)(2), (3) or (4).

See Code §§ 18.2-67.3 (aggravated sexual battery) & 18.2-67.10(2), (6) (general definitions).

The Attorney General observed on brief that "the only element common to both crimes is that the victim must be less than 13 years of age."[1] Although this statement is not entirely

---

[1] The Attorney General concedes that the trial court erred when it determined that sexual battery was a lesser-included offense of forcible sodomy. However, "[o]ur fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal." Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*) (citing Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990); Tuggle v. Commonwealth, 230 Va. 99, 111 n.5, 334 S.E.2d 838, 846 n.5 (1985)). Thus, we review the record presented to us independent of the Attorney General's concession of law.

accurate,[2] it describes the issue before us fairly well. Viewing the elements of the crimes in the abstract, forcible sodomy requires proof of penetration, while an accused may be convicted of sexual battery upon proof that he or she merely touched the clothing covering the victim's "intimate parts." Compare Horton, 255 Va. at 613, 499 S.E.2d at 261-62 (discussing the penetration element), with Code § 18.2-67.10(6) ("'Sexual abuse' means an act committed with the [requisite] intent, where: [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts[.]").

On the other hand, aggravated sexual battery requires proof that the act of touching was done with the specific "intent to sexually molest, arouse or gratify . . . .'" Quinones v. Commonwealth, 35 Va. App. 634, 640, 547 S.E.2d 524, 527 (2001). In contrast, sodomy, like rape, does not require a specific intent. See, e.g., Velesquez v. Commonwealth, 276 Va. 326, 329, 661 S.E.2d 454, 456 (2008) ("Rape . . . is a general-intent crime . . . ."); State v. Plunkett, 934 P.2d 113, 119 (Kan. 1997) ("[S]odomy, like rape, is a general intent crime.").

Thus, it is apparent from the plain language of the statutes that forcible sodomy and aggravated sexual battery each require proof of elements not required by the other. Therefore aggravated sexual battery is not a lesser-included offense of forcible sodomy.

---

[2] The act of sodomy, by necessity, requires a type of touching that could fulfill the touching element required for a conviction of aggravated sexual battery.

- 4 -

III. CONCLUSION

Based upon the foregoing discussion, we reverse Bowden's conviction and dismiss the indictment.[3]

Reversed.

---

[3] The Attorney General asks us to reverse and dismiss the indictment in this case "without prejudice to the Commonwealth's right to charge and try Bowden for aggravated sexual battery in violation of [Code] § 18.2-67.3, if the Commonwealth were so disposed." We decline to give an advisory opinion regarding whether a prosecution for sexual battery would violate the Double Jeopardy Clause. See Pilson v. Commonwealth, 52 Va. App. 442, 446, 663 S.E.2d 562, 564 (2008) ("'Advisory opinions represent an attenuate exercise of judicial power,' one which we traditionally avoid in all but the most extenuating circumstances. None exist here." (quoting Va. State Police v. Elliott, 48 Va. App. 551, 553, 633 S.E.2d 203, 204 (2006))).