COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and McClanahan
Argued at Alexandria, Virginia


NASSER NASSER GHALAMBOR DEZFULI, S/K/A
  NASSER GHALAMBOR DEZFULI
                                                                OPINION BY
v.        Record No.  2520-09-4                    JUDGE ROBERT J. HUMPHREYS
                                                              MARCH 29, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

          W. Michael Chick, Jr. (Greenspun, Shapiro, Davis & Leary, P.C., on
          brief), for appellant.

          Richard B. Smith, Special Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


        Nasser Ghalambor Dezfuli ("Dezfuli") was indicted in the Fairfax County Circuit Court

("trial court") on one count of malicious wounding, in violation of Code § 18.2-51, and one

count of use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.  Upon

finding the evidence insufficient for a finding of guilt on either count, the trial court convicted

Dezfuli of brandishing a firearm, in violation of Code § 18.2-282, as a lesser-included offense of

the use of a firearm in the commission of a felony.  Dezfuli alleges on appeal that the trial court

erred (1) in finding that brandishing is a lesser-included offense contained within Code

§ 18.2-53.1, and (2) in refusing to dismiss the indictment for a violation of his statutory right to a

speedy trial.  Because we agree that the trial court erred in finding that brandishing is a

lesser-included offense contained within Code § 18.2-53.1, we reverse Dezfuli's conviction for

brandishing.  Thus, we do not address Dezfuli's second assignment of error regarding his right to

a speedy trial.

I.  Background

On the morning of January 30, 2009, Dezfuli's brother Morteza Ghalambor ("Mort") was pulling his car out of his two-car garage, when he noticed Dezfuli standing nearby with a handgun pointed at Mort "almost to [Mort's] head."[1]  Mort also noticed a rental car parked "not straight but sideways" where the other garage door was shut.  Mort, who was "terrified" and "shocked," grabbed his own handgun from the passenger's seat.  When Dezfuli reached out to open the car door, Mort pushed the door toward Dezfuli, which caused Dezfuli to lose his balance.  Mort then jumped out of the car and moved toward Dezfuli "to defend [himself]."  The two men struggled as Mort attempted to take the gun from Dezfuli.  Mort implored Dezfuli to "just calm down, let's talk."  At some point, Dezfuli struck Mort so hard with the handgun that Mort started bleeding profusely.  The impact was so hard that Mort "saw a flash and thought maybe the gun went off."  At that point, Mort "lost control a couple of times and then [Dezfuli] pointed the gun" at Mort and attempted to fire it.  The gun did not fire.

Mort, who was by now "soaked with blood," continued trying to defuse the situation and take the gun from Dezfuli.  Mort ultimately prevailed and "got the gun from out of [Dezfuli's] hand."  Dezfuli then "seemed lost" and started walking around in front of the garage.  Mort said, "just calm down," and asked Dezfuli to go inside the house with him to "just sit down and talk."  Mort walked to the front of the house and entered through the front door.  He immediately ran to the back door, exited, and ran to the next-door neighbor's house.  After asking the neighbor to call the police, Mort returned to his own house.  Dezfuli was gone.

A Fairfax County magistrate issued arrest warrants on January 30, 2009, charging Dezfuli with malicious wounding and use of a firearm in the commission of a felony.  Dezfuli was

---

[1] Dezfuli and Mort had recently been involved in a legal dispute over money, in which Dezfuli accused Mort of stealing a large sum of money from him.  When Dezfuli's civil suit was dismissed on January 26, 2009, Dezfuli threatened Mort's life.

arrested later that day. The Fairfax County Juvenile and Domestic Relations District Court held a preliminary hearing on March 27, 2009, and certified both charges to the grand jury. On April 6, 2009, the grand jury issued a two-count indictment charging that Dezfuli "did feloniously and maliciously shoot [Mort], with the intent to maim, disfigure, disable or kill" (Count I) and that he "feloniously [used] a firearm while committing the maiming of" Mort (Count II). The case was originally scheduled for trial on May 11, 2009, but the court thereafter rescheduled it for July 13, 2009.

On July 13, 2009, the parties appeared in court as scheduled and the prosecution moved, over Dezfuli's objection, to amend the indictment since the evidence failed to show that Dezfuli shot Mort. The trial court denied the motion to amend the indictment, in large part, because it believed "that [Dezfuli] needs to be fully informed of the nature and character of the accusation and this is a material change." In response, the prosecution sought a continuance. Dezfuli again objected, asserting he had already been in jail since January, and arguing he was being "punished by a continuance by the fact that he will remain incarcerated and that's unfair to him." The trial court agreed with Dezfuli and denied the request for a continuance "in light of the fact that [Dezfuli] has been in jail since January and that this should have been discovered way before then." The prosecutor, therefore, moved, again over Dezfuli's objection, to *nolle prosequi* the case. The trial court granted this motion, finding "although there was some sloppiness here in failing to amend on a timely basis, I don't find that there was any bad faith on the part of the Commonwealth."

On July 20, 2009, the grand jury handed down a new indictment for malicious wounding (Count I) and use of a firearm in the commission of malicious wounding (Count II). On August 23, 2009, Dezfuli, who was still in jail, filed a notice and motion to dismiss the indictment against him for "violation of his speedy trial rights under Va. Code § 19.2-243, or in the

- 3 -

alternative because there was no good cause shown to grant the nolle prosequi on July 13, 2009, under [§ ]19.2-265.3." [2]  The trial court denied his motion.

Trial commenced on September 9, 2009.  Upon the conclusion of the evidence, the trial court found Dezfuli not guilty of malicious wounding and use of a firearm in the commission of malicious wounding.  However, the trial court found Dezfuli guilty of brandishing a firearm, in violation of Code § 18.2-282, as a lesser-included offense under Count II.  The court scheduled a sentencing hearing for September 18, 2009.

On September 17, 2009, Dezfuli filed a notice and motion to set aside the verdict, along with his supporting memorandum.  He argued the merits of his motion at the sentencing hearing on September 18, 2009.  The trial court first denied Dezfuli's motion to set aside the verdict, and then sentenced Dezfuli to serve 365 days in jail for brandishing a firearm, with 364 days suspended.  The court entered its order memorializing Dezfuli's sentence on October 16, 2009.

On October 30, 2009, Dezfuli filed a motion to reconsider the sentence imposed.  The trial court, by final order dated December 11, 2009, "after a full consideration of the matter, denied the motion, without oral hearing, as no relevant matters were raised that had not been previously considered by this Court."

Dezfuli noted this appeal.

II.  Analysis

Dezfuli argues on appeal that the trial court erred in finding him guilty of brandishing a firearm, a crime for which he was never charged, as a lesser-included offense of use of a firearm in the commission of a felony.  We agree.

_____

[2] Code § 19.2-265.3 provides that a "Nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown."

- 4 -

As Dezfuli correctly notes, "'an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged.'" Bowden v. Commonwealth, 52 Va. App. 673, 675-76, 667 S.E.2d 27, 28 (2008) (quoting Dalton v. Commonwealth, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000)). "A lesser-included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989). "Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense." Id. That is, "proof of the greater offense necessarily proves the lesser." Smith v. Commonwealth, 17 Va. App. 37, 39, 434 S.E.2d 914, 915 (1993). "[A]n offense is not a lesser-included offense if it contains an element that the charged offense does not contain." Dalton, 259 Va. at 253, 524 S.E.2d at 862.

In deciding whether two offenses are sufficiently distinguishable from one another so as to constitute two separate crimes, courts apply the test established in Blockburger v. United States, 284 U.S. 299 (1932). See Schwartz v. Commonwealth, 45 Va. App. 407, 440-41, 611 S.E.2d 631, 648 (2005). The Blockburger test "emphasizes the elements of the two crimes." Brown v. Ohio, 432 U.S. 161, 166 (1977). "If each [crime] requires proof of a fact that the other does not," the test is satisfied, and the offenses are different "notwithstanding a substantial overlap in the proof offered to establish the crimes." Id. (citation omitted). "If not, [the crimes] are the same . . . ." Schwartz, 45 Va. App. at 441, 611 S.E.2d at 648 (alteration in original) (citation omitted). In other words, if it is possible to commit each of the offenses without also committing the other, then the two offenses are different. See Morris v. Commonwealth, 45 Va. App. 181, 189, 609 S.E.2d 92, 96 (2005) (finding that brandishing is not a lesser-included offense of robbery because "it is clear that robbery can be committed without brandishing *and* brandishing can be committed without the taking of property" (emphasis added)). "When

determining whether each offense requires proof of a fact which the other does not, we examine the offenses in the abstract, rather than with reference to the facts of the particular case under review." Bowden, 52 Va. App. at 676, 667 S.E.2d at 28 (citation omitted).

The trial court found that the evidence presented in this case was insufficient for a conviction on the charge of use of a firearm in the commission of a felony, primarily because the evidence failed to prove Dezfuli committed the underlying felony. The trial court, nevertheless, convicted Dezfuli of brandishing a firearm, in violation of Code § 18.2-282. Since Dezfuli was never actually charged with brandishing a firearm, the pertinent query for this Court under Blockburger is simply whether or not a conviction for each offense requires proof of a fact that the other does not.[3]

Code § 18.2-53.1, makes it "unlawful for any person to use or attempt to use . . . any firearm or display such weapon in a threatening manner while committing or attempting to commit" certain enumerated felonies. Thus, in its prosecution under Code § 18.2-53.1, the Commonwealth was required to prove four basic elements:

> (1) that [Dezfuli] "possessed" an object; (2) that this object was a
> . . . "firearm"; (3) that [Dezfuli] "used or attempted to use the
> firearm *or* displayed the firearm in a threatening manner"; and
> (4) that this action involving the firearm occurred during the
> commission or attempt to commit one of the felonies enumerated
> in the statute.

Thomas v. Commonwealth, 25 Va. App. 681, 684-85, 492 S.E.2d 460, 462 (1997) (emphasis added). A violation of Code § 18.2-53.1 is a felony offense. "The purpose of Code § 18.2-53.1 is to deter violent criminal conduct." Rose v. Commonwealth, 53 Va. App. 505, 512, 673 S.E.2d 489, 492 (2009) (citation omitted). "The statute is aimed at preventing actual physical injury and also to discourage criminal conduct that produces fear of physical harm." Id. Notably, "Code

---

[3] Dezfuli does not contest that the evidence in this case is sufficient to support his conviction for brandishing a firearm.

§ 18.2-53.1 is written in the disjunctive, prohibiting either the actual use of a firearm, *or* the display of a firearm in a threatening manner." Id. at 513-14, 673 S.E.2d at 493 (emphasis in original).

Code § 18.2-282, on the other hand, "makes it a Class 1 misdemeanor to point, hold, or brandish a firearm in such manner as to reasonably induce fear in the mind of another." Morris v. Commonwealth, 269 Va. 127, 129, 607 S.E.2d 110, 111 (2005). A conviction for brandishing, thus, requires proof of two basic elements: "(1) pointing or brandishing a firearm, and (2) doing so in such a manner as to reasonably induce fear in the mind of a victim." Kelsoe v. Commonwealth, 226 Va. 197, 198, 308 S.E.2d 104, 104 (1983). "'Brandish' means 'to exhibit or expose in an ostentatious, shameless, or aggressive manner.'" Morris, 269 Va. at 135, 607 S.E.2d at 114 (quoting Webster's Third New International Dictionary 268 (1993)). And "[t]his Court has held, in connection with robbery, that 'the word "fear" . . . does not so much mean "fright" as it means "apprehension"; one too brave to be *frightened* may yet be apprehensive of bodily harm.'" Huffman v. Commonwealth, 51 Va. App. 469, 472, 658 S.E.2d 713, 714 (2008) (emphasis in original) (quoting Seaton v. Commonwealth, 42 Va. App. 739, 749, 595 S.E.2d 9, 14 (2004)).

A review of the elements of each offense at issue in this case suggests that brandishing under Code § 18.2-282 is *not* a lesser-included offense of use of a firearm in the commission of a felony under Code § 18.2-53.1. Viewed in the abstract, these code sections each require proof of a fact that the other does not. Indeed, the offense of using a firearm in the commission of a felony requires proof that the defendant either "used or attempted to use" a firearm, or that he "displayed a firearm in a threatening manner" during the commission or attempt to commit one of the felonies enumerated in the statute. Thomas, 25 Va. App. at 684, 492 S.E.2d at 462. Thus, in such cases, the Commonwealth must prove that the defendant used or threateningly displayed

the firearm expressly to assist him in attempting or completing a specified underlying criminal act. Conversely, in a prosecution for the act of brandishing, the Commonwealth must merely prove that the defendant "pointed, held or brandished" a firearm in a manner that reasonably induced fear in the mind of some nearby person.

The Commonwealth argues that the phrase "in a threatening manner," found in Code § 18.2-53.1, is essentially synonymous with the phrase "in such manner as to reasonably induce fear in the mind of another," found in Code § 18.2-282. We disagree. The word "threaten" means "to utter threats against: promise punishment, reprisal, or other distress to," Webster's supra, at 2382, whereas the word "induce" means "to move and lead; to bring in; or to bring on or bring about: effect, cause." Id. at 1154. Thus, in cases involving the threatening display of a firearm under Code § 18.2-53.1, the defendant must display his firearm to "promise punishment, reprisal or other distress to" the victim, whereas in cases involving brandishing under Code § 18.2-282, the defendant must merely brandish or display a firearm in such a manner as to reasonably "bring about or cause fear" in the mind of the victim. While the concepts are concededly similar, they are not the same.

True, it *is* possible to brandish a firearm during a violation for Code § 18.2-53.1; in fact, brandishing often *does* occur when one uses or displays a firearm in the commission of a felony. See Bailey v. United States, 516 U.S. 137, 148 (1995) ("The active-employment understanding of 'use' certainly *includes* brandishing, displaying . . . and most obviously, firing or attempting to fire a firearm." (emphasis added)); see also Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980) (A victim "cannot be required to distinguish between a loaded pistol and a spring gun when it is *brandished* during commission of a felony." (emphasis added)). In fact, arguably, *any time* a criminal defendant displays his firearm in a threatening manner toward a victim, he necessarily brandishes it.

Nevertheless, the prosecution is not required to prove a criminal defendant actually brandished his firearm in order to obtain a conviction under Code § 18.2-53.1. Again, "Code § 18.2-53.1 is written in the disjunctive, prohibiting either the actual use of a firearm, *or* the display of a firearm in a threatening manner." Rose, 53 Va. App. at 513-14, 673 S.E.2d at 493 (emphasis in original). Thus, the Commonwealth can obtain a conviction under Code § 18.2-53.1 if it proves the defendant "used or attempted to use" his firearm, even in the absence of evidence that the defendant brandished it. See, e.g., Rose, 53 Va. App. at 508, 673 S.E.2d at 490 (conviction for use of a firearm affirmed where the victim "never saw the pistol during this encounter"); Gaines v. Commonwealth, 39 Va. App. 562, 565, 574 S.E.2d 775, 776 (2003) (en banc) (conviction for use of a firearm affirmed where "the defendant shot the victim in his back at a distance of 98 feet"); McBride v. Commonwealth, 24 Va. App. 603, 605, 484 S.E.2d 165, 166 (1997) (conviction for use of a firearm affirmed where the victim "testified that he never saw the gun"). The prosecution is, likewise, not required to prove the defendant displayed his firearm "in a threatening manner" to obtain a conviction for brandishing a firearm under Code § 18.2-282. See Huffman, 51 Va. App. at 471-72, 658 S.E.2d at 713-14 (Huffman's conviction for brandishing a firearm affirmed where the evidence proved the victim merely observed Huffman "waving a handgun around in the air" and asked him to "put the gun away.").

The requirements of Blockburger are, therefore, not satisfied in this case, because the Commonwealth can obtain a conviction for use of a firearm during the commission of a felony without proof that the defendant brandished the firearm, and it can obtain a conviction for brandishing without also proving use of the firearm in the commission of a felony. See Coleman v. Commonwealth, 261 Va. 196, 200-01, 539 S.E.2d 732, 734 (2001) ("Noting the use of the disjunctive 'or' in the [malicious wounding] statute, we agree with the Commonwealth that a malicious wounding charge does not require proof of the specific intent to kill [whereas

attempted murder does require proof of such intent]. Thus, each of the convictions involved in this appeal contains required elements of proof not contained in the other conviction as required in the <u>Blockburger</u> test."); <u>Schwartz</u>, 45 Va. App. at 442, 611 S.E.2d at 649 (rejecting double jeopardy argument because "one of the two alternative means of establishing appellant's guilt" could have been the basis for the conviction). Although the evidence presented to prove the former offense may, indeed, overlap with the evidence used to prove the latter, the fact remains that the Commonwealth must submit proof of completely different elements for a finding of guilt as to each separate offense. These offenses are, therefore, different for purposes of <u>Blockburger</u>.

It follows that, because it is possible to commit a violation of Code § 18.2-53.1 without brandishing a firearm, and because one can brandish a firearm without also committing a violation of Code § 18.2-53.1, the act of brandishing is not a lesser-included offense of use of a firearm in the commission of a felony. The offenses are not the same. The trial court, therefore, erred in convicting Dezfuli of violating Code § 18.2-282. Because we reverse Dezfuli's conviction for brandishing a firearm, we do not address Dezfuli's second assignment of error regarding his statutory right to a speedy trial.

### III. Conclusion

For the foregoing reasons, we hold the trial court erred in finding that brandishing is a lesser-included offense of use of a firearm in the commission of a felony. We, thus, reverse Dezfuli's conviction for that offense and vacate the judgment of conviction for brandishing a firearm.

<u>Reversed and vacated.</u>