COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Huff and Senior Judge Clements
Argued at Chesapeake, Virginia

LENDELL C. BRYANT

                                                    MEMORANDUM OPINION*
v.       Record No. 0092-11-1                    BY JUDGE D. ARTHUR KELSEY
                                                        JULY 10, 2012
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                  Williams C. Andrews, III, Judge Designate

              Adam M. Carroll (Riddick Babineau, P.C., on brief), for
              appellant.

              Kathleen B. Martin, Senior Assistant Attorney General
              (Kenneth T. Cuccinelli, II, Attorney General, on brief),
              for appellee.


        Lendell C. Bryant appeals his conviction for selling or distributing stolen property in

violation of Code § 18.2-108.01(B), claiming it is not a lesser-included offense of the crime for

which he was charged:  grand larceny with the intent to sell or distribute the stolen property, a

violation of Code § 18.2-108.01(A).  We agree and reverse his conviction.


                                            I.

        Code § 18.2-108.01(A) prohibits a person from committing "larceny of property with a

value of $200 or more with the intent to sell or distribute such property."  A defendant violates

Code § 18.2-108.01(B) in one of three ways:  when he "sells" or "attempts to sell" or "possesses

with intent to sell or distribute" any stolen property with an aggregate value of $200 or more

where he knew or should have known that the property was stolen.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A grand jury indicted Bryant for grand larceny "with the intent to sell or distribute" stolen property in violation of Code § 18.2-108.01(A). App. at 5. The case proceeded to a bench trial. After hearing the evidence, the court found Bryant guilty of "sell[ing] or distribut[ing] stolen property" under subsection B of Code § 18.2-108.01, which the court deemed "a lesser included offense, as charged in the indictment." Trial Order at 1-2 (Aug. 12, 2010) (capitalization and emphasis omitted).

Before sentencing, Bryant filed a motion in the trial court seeking to set aside the conviction and to award a new trial because the convicted offense (selling or distributing stolen property under subsection B) was not a lesser-included offense of the charged offense (grand larceny with intent to sell or distribute under subsection A). The court denied the motion, heard evidence at a sentencing hearing, and entered a final order. Inexplicably, however, the final order stated that the court had earlier found Bryant guilty of "larceny with intent to sell or distribute" in violation of Code § 18.2-108.01(A). Sentencing Order at 1 (Dec. 17, 2010) (capitalization and emphasis omitted).

Bryant appealed, claiming the trial court erred by finding him guilty of an offense not charged in the indictment and not properly deemed a lesser-included offense. With the parties' consent, we remanded the case to the trial court to address whether clerical errors existed in the trial or sentencing orders. The remand order specifically directed the trial court to consider whether "the conviction and sentencing orders contain clerical mistakes in their (i) narrative description of the offense for which appellant was convicted, or in their (ii) citation to the applicable Code section and subsection for the offense." Remand Order at 2 (Apr. 12, 2012).

On remand, the trial order held its conviction order — finding Bryant guilty of selling or distributing stolen property in violation of Code § 18.2-108.01(B) — contained no clerical errors. The court, however, held its final order mistakenly stated Bryant was convicted of grand larceny

with intent to sell or distribute in violation of Code § 18.2-108.01(A). The trial court exercised its authority under Code § 8.01-428(B) to correct the clerical mistake and reissued the final order clarifying that Bryant had been found guilty of "Sell[ing] or Distribut[ing] Stolen Property Aggregate Value $200 or more (felony) (§ 18.2-108.01(B))." Corrected Final Order at 1 (May 16, 2012) (capitalization and emphasis omitted).

## II.

Under settled principles, "an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged." Bowden v. Commonwealth, 52 Va. App. 673, 675-76, 667 S.E.2d 27, 28 (2008) (quoting Dalton v. Commonwealth, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000)). "A lesser-included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Dezfuli v. Commonwealth, 58 Va. App. 1, 7, 707 S.E.2d 1, 4 (2011) (quoting Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989)).[1]

Consequently, "for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense." Id. (quoting Kauffmann, 8 Va. App. at 7, 707 S.E.2d at 4). When this is true, "proof of the greater offense necessarily proves the lesser." Smith v. Commonwealth, 17 Va. App. 37, 39, 434 S.E.2d 914, 915 (1993). An offense cannot be "a lesser-included offense if it contains an element that the charged offense does not contain." Dalton, 259 Va. at 253, 524 S.E.2d at 862.

---

[1] See also Edenton v. Commonwealth, 227 Va. 413, 416, 316 S.E.2d 736, 738 (1984); Howard v. Commonwealth, 221 Va. 904, 908, 275 S.E.2d 602, 604 (1981); Martin v. Commonwealth, 221 Va. 720, 723, 272 S.E.2d 778, 780 (1981); Simon v. Commonwealth, 58 Va. App. 194, 202-03, 708 S.E.2d 245, 249 (2011); Chibikom v. Commonwealth, 54 Va. App. 422, 425, 680 S.E.2d 295, 296 (2009); Wright v. Commonwealth, 49 Va. App. 312, 319, 641 S.E.2d 119, 123 (2007).

"Put another way, if the candidate offense contains an element not present in the asserted major offense, the relationship of greater and lesser included cannot exist." John L. Costello, Virginia Law & Criminal Procedure § 30.2, at 443 (4th ed. 2008). "The elements of the greater offense as charged must be examined in relation to the purported lesser offense, and where every commission of the greater offense is also a commission of the lesser offense, a lesser offense may be deemed to exist." Sanchez v. Commonwealth, 32 Va. App. 238, 241, 527 S.E.2d 461, 463 (2000). "The required examination of the two charges focuses not on the facts of the particular case under review, but on the offenses in the abstract." Id.; see also Seibert v. Commonwealth, 22 Va. App. 40, 45, 467 S.E.2d 838, 841 (1996).

In this case, the grand jury indicted Bryant for grand larceny with the intent to sell or distribute the stolen property in violation of subsection A of Code § 18.2-108.01. The trial court, however, *sua sponte* convicted Bryant for "sell[ing] or distribut[ing] stolen property" under subsection B, believing it to be "a lesser included offense, as charged in the indictment." Trial Order at 1-2 (Aug. 12, 2010) (capitalization and emphasis omitted); see also Corrected Final Order at 1 (May 16, 2012). The trial court erred in doing so.

The conviction does not involve a lesser-included offense. One can commit larceny with the intent to sell or distribute the stolen property (the charged offense) without *actually* selling or distributing the stolen property (the convicted offense). The latter requires proof of a sale or distribution whereas the former does not. See Scott v. Commonwealth, 49 Va. App. 68, 77, 636 S.E.2d 893, 897 (2006). Thus it cannot be said that "every commission of the greater offense is also a commission of the lesser offense," Sanchez, 32 Va. App. at 241, 527 S.E.2d at 463, because, here, the latter is not legally a subset of the former. In other words, comparing the two offenses objectively, we cannot conclude "proof of the greater offense necessarily proves the lesser." Smith, 17 Va. App. at 39, 434 S.E.2d at 915.

Given the trial court's narrative description of the convicted offense as selling or distributing stolen property (both in its original conviction order and corrected final order following our remand), we need not address whether any *other* method of establishing a violation of subsection B of Code § 18.2-108.01 — such as possessing "with intent to sell or distribute" stolen property with an aggregate value of $200 or more where the possessor knew or should have known that the property was stolen — would constitute a lesser-included offense of subsection A.[2] Bryant acknowledges on appeal that it might indeed be so, but correctly points out the trial court's orders specifically chose not to rely on that basis for convicting him under subsection B. See Oral Argument Audio at 8:04 to 8:50 (June 6, 2012).

For the same reason, we need not address whether the disjunctive nature of Code § 18.2-108.01(B) — allowing three alternative methods of establishing a violation — by itself precludes a conviction under any one of the three from being deemed a lesser-included offense under subsection A. See generally Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001); Dezfuli, 58 Va. App. at 11-12, 707 S.E.2d at 6. Even if it does not have this preclusive effect, the specific subset of subsection B upon which the trial court based Bryant's conviction — selling or distributing stolen property — still could not be deemed a lesser-included offense of subsection A.

"In this case, as in all others, we seek to decide cases, 'on the best and narrowest ground available' from the record." Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2 (2007) (citations omitted). This approach encourages "judicial self-restraint" by

---

[2] In denying Bryant's motion to set aside the verdict, the trial court relied on Bell v. Commonwealth, No. 2605-09-1, at 3-4 (July 14, 2010) (*per curiam*). That order, however, denied a petition for appeal on the ground that "*possession* of stolen property with the intent to sell or distribute pursuant to Code § 18.2-108.01(B) is a lesser-included offense of larceny with the intent to sell or distribute pursuant to Code § 18.2-108.01(A)." Id. (emphasis added).

avoiding the resolution of broad, reasonably debatable legal issues when narrower, less debatable legal issues fully dispose of the appeal before the court. Cooper v. Commonwealth, 54 Va. App. 558, 566, 680 S.E.2d 361, 365 (2009) (citation omitted). It also disciplines our reasoning to focus narrowly "'on what we conceive to be the determinative points,' Justice Herbert B. Gregory, Shorter Judicial Opinions, 34 Va. L. Rev. 362, 365 (1948)." Morris v. City of Va. Beach, 58 Va. App. 173, 180, 707 S.E.2d 479, 482 (2011).

## III.

Because the trial court convicted Bryant for an offense not charged in the indictment and not properly viewed as a lesser-included offense, we reverse his conviction.[3]

Reversed.

---

[3] Bryant conceded on appeal that our reversal, for what amounts to a fatal variance, would not preclude reindictment given the absence of a successful appellate challenge to the sufficiency of the evidence. See Purvy v. Commonwealth, 59 Va. App. 260, 269-70, 717 S.E.2d 847, 851-52 (2011); Oral Argument Audio 8:50 to 9:12 (June 6, 2012). In this case, our initial *per curiam* order denied Bryant's sufficiency challenge. See Bryant v. Commonwealth, No. 0092-11-1, at 2-4 (July 20, 2011) (*per curiam*). Following Bryant's request for reconsideration, we declined to grant the sufficiency assignment of error. See Bryant v. Commonwealth, No. 0092-11-1, at 2 (Nov. 4, 2011) (holding the sufficiency assignment of error "remained denied for the reason set forth in the order of this Court dated July 20, 2011").