COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Causey and Callins

DARRELL VINCENT DUNKUM

v.      Record No. 0198-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
APRIL 23, 2024

FROM THE CIRCUIT COURT OF BUCKINGHAM COUNTY
James S. Yoffy, Judge Designate

(Aaron M. Vandenbrook; Reinhardt, Vandenbrook, P.L.L.C., on
brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.

Following a bench trial, the Circuit Court of Buckingham County ("trial court") convicted

Darrell Dunkum ("Dunkum") on two counts of assault and battery of a law enforcement officer and

two counts of brandishing a firearm, a third or subsequent offense. Dunkum contends on appeal

that the evidence was insufficient to convict him of brandishing a firearm because the

Commonwealth failed to prove that the two police officers present during his arrest reasonably

feared him.[1] After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Thus, for the following reasons, we affirm the trial court.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Although Dunkum designated additional assignments of error challenging his
convictions for assault and battery of a law enforcement officer, he did not address them in his
brief. Accordingly, those assignments are waived. *See* Rule 5A:20(e).

## I. BACKGROUND

On February 18, 2022, Buckingham County Sheriff's Office Sergeant J.C. Bryant ("Sergeant") and Deputy Sheriff Clay Naff ("Deputy") responded to a dispatcher's call concerning a domestic disturbance at Dunkum's residence. Upon arrival, Dunkum advised the officers that "everything was fine." Dunkum's wife advised the officers that she and Dunkum "had been arguing" but he had not "physically assault[ed]" her.

As the officers prepared to leave, they spoke with Dunkum in the driveway near his pickup truck. Dunkum "was upset" and told the officers that "he didn't call [them] and [that they] had no reason to be at his house" because "[they] could only come [if] he called [them]." He then "[y]ell[ed]" and "cuss[ed]" at the officers, telling them to "[g]et the fuck off [his] property." It appeared to the officers that Dunkum "had been drinking," and they smelled a strong odor of alcohol on his person. In his conversation with the officers, Dunkum admitted he had been "drinking throughout the day" to cope with "problems with his wife."

While Dunkum was yelling and cursing at the officers, he reached into the bed of his truck, grabbed a .22 caliber rifle by the stock, and pointed it in the air. At trial, Sergeant estimated that he and Deputy were five to eight feet from Dunkum when he grabbed the rifle. When Sergeant saw Dunkum take the rifle, he further testified that he feared that he or Deputy were "going to get shot," because Dunkum "was already yelling and cussing at [them] to get off his property."[2] Deputy also testified that he "was fearful for [his] life when" Dunkum picked up the rifle. The officers subsequently took Dunkum to the ground, "forcibly rip[ped the rifle] out of his hand," and arrested him.[3]

---

[2] Sergeant stated that Dunkum did not "say anything about firing" the rifle or "perform any action . . . [to] indicate that he was preparing to fire it."

[3] The Commonwealth presented evidence at trial that Dunkum had two previous convictions for brandishing.

After the presentation of the Commonwealth's case-in-chief and at the conclusion of all the evidence, Dunkum moved to strike the evidence related to his brandishing charges, arguing that the officers' fear was not reasonable. The trial court denied his motion to strike and renewed motion to strike, finding that the evidence that Dunkum was cursing, yelling, and screaming, and shouted for police to "get the fuck off [his] property" during the incident, was sufficient evidence of "reasonably induce[d] fear" that supported a brandishing conviction. The trial court then convicted Dunkum of brandishing. Dunkum appealed.

## II. ANALYSIS

### A. *Standard of Review*

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

B. *The record contains sufficient evidence to support finding that the officers reasonably feared Dunkum.*

On appeal, Dunkum contends that the evidence was insufficient to support his brandishing convictions, claiming that his actions would not have put a reasonable person in fear because he "did not hold or otherwise display the firearm in a threatening manner" or explicitly threaten the officers. We disagree.

Code § 18.2-282(A) provides in pertinent part that "[i]t shall be unlawful for any person to point, hold or brandish any firearm . . . in such manner as to reasonably induce fear in the mind of another . . . ."[4] Textually, this offense requires proof of two basic elements: "(1) pointing or brandishing a firearm, and (2) doing so in such a manner as to *reasonably induce fear* in the mind of a victim." *Huffman v. Commonwealth*, 51 Va. App. 469, 472 (2008) (emphasis added) (quoting *Kelsoe v. Commonwealth*, 226 Va. 197, 198 (1983)).

Dunkum contests only the second element, conceding that "the only issue" is whether the officers' fear was reasonable. We have explained that fear, in the context of brandishing, "does not so much mean 'fright' as it means 'apprehension,'" as "one too brave to be *frightened* may yet be apprehensive of bodily harm." *Dezfuli v. Commonwealth*, 58 Va. App. 1, 9 (2011) (quoting *Huffman*, 51 Va. App. at 472). "Whether a person's apprehension is reasonable is a factual determination that will not be disturbed on appeal unless plainly wrong or unsupported by the evidence." *Alston v. Commonwealth*, 77 Va. App. 639, 651 (2023) (interpreting Code § 18.2-286.1).

Here, the record supports the trial court's finding that the officers' fear was reasonable. In essence, the facts, in the light most favorable to the Commonwealth, reflect a man, who had been

---

[4] To note, "[o]n a third or subsequent conviction of" brandishing, "where it is alleged" in the indictment that the defendant "has been twice previously convicted" of certain enumerated firearm offenses, and each such conviction occurred on a different date, the defendant "is guilty of a Class 6 felony." Code § 18.2-311.2.

both drinking all day and who was angry about the officers' presence on his property, deliberately grabbing a firearm while loudly demanding that they leave. When police encountered Dunkum, they noticed a "pretty strong" odor of alcohol coming from his breath, glassy eyes, and "slightly slurred" speech. Dunkum later admitted to them that he had been "drinking throughout the day" as a means of coping with "problems with his wife." Dunkum was "upset" with the officers' presence at the home, telling them that they "had no reason to be at his house" because he had not requested them. Finally, in response to their presence, Dunkum cursed and yelled at police to "get the fuck off [his] property" before grabbing the rifle by the stock, necessitating the officers' actions to protect their safety. At the time Dunkum grabbed the rifle, Sergeant testified that he and Deputy were five to eight feet from him—being in close range of the firearm. Thus, there is ample evidence to support the trial court's factual finding that the officers' apprehension was reasonable.

The fact that Dunkum did not explicitly threaten the officers does not affect our analysis or conclusion. When Deputy was asked what made him "concerned that [Dunkum] was going to use" the rifle, he noted that "[t]he multiple times [Dunkum] was screaming for us to get off the property," "the anger coming from his voice," and that "he picked up a weapon with those actions" caused Deputy to believe "that [Dunkum] wanted to do harm towards" the officers. Hence, a rational factfinder could conclude that it was reasonable for the officers to connect Dunkum's grabbing the firearm to his angry demands, even without a verbal threat. In sum, under the totality of the circumstances, a rational trier of fact could find that the officers' apprehension of bodily harm was reasonable. As a consequence, the trial court properly convicted Dunkum of brandishing, his third or subsequent offense.

## III. CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*