COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, McClanahan and Senior Judge Bumgardner
Argued at Alexandria, Virginia


VIRGINIA DEPARTMENT OF STATE POLICE

OPINION BY
v.          Record No. 2042-05-4          JUDGE D. ARTHUR KELSEY
AUGUST 15, 2006

DOUGLAS DWAYNE ELLIOTT,
 CROSS COUNTRY CONSTRUCTION AND
 OHIO CASUALTY INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

James O. Towey, Assistant Attorney General (Judith W.
Jagdmann, Attorney General, on brief), for appellant.

Daniel E. Lynch (John T. Cornett, Jr.; Williams & Lynch, on
brief), for appellees Cross Country Construction and Ohio
Casualty Insurance Company.

No brief or argument for appellee Douglas Dwayne Elliott.


The Virginia State Police appeals an order of the Workers' Compensation Commission that compelled, pursuant to a subpoena *duces tecum*, the production of a criminal investigation file for an *in camera* inspection by a deputy commissioner. The VSP claims the commission violated Code § 52-8.3, which makes it a Class 2 misdemeanor to disclose the contents of an "ongoing criminal investigation" under certain circumstances.

The VSP concedes, however, that it produced the subpoenaed file only after the criminal investigation had been officially closed. Still, the VSP reasons, we should engage the merits of this now mooted dispute to ensure that it never arises again. We decline the invitation to do so.

Advisory opinions represent an attenuate exercise of judicial power, one in which the Virginia judiciary "traditionally declines to participate." Commonwealth v. Harley, 256 Va. 216,

219-20, 504 S.E.2d 852, 854 (1998).  We see it as our duty "not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).  So, when it appears (as all concede it does here) that

> there is no actual controversy between the litigants, or that, if it once existed it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case.  It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded.  Only real controversies and existing rights are entitled to invoke the exercise of their powers.

Id. at 643-44, 29 S.E.2d at 832 (quoting Franklin v. Peers, 95 Va. 602, 603, 29 S.E. 321, 321 (1898)); see also Najera v. Chesapeake Div. of Soc. Servs., 48 Va. App. 237, 629 S.E.2d 721 (2006); Baldwin v. Commonwealth, 43 Va. App. 415, 421, 598 S.E.2d 754, 757 (2004).

We acknowledge there may be narrow circumstances in which a court may decide a case despite the absence of an actual, ongoing dispute — like when the underlying controversy is one capable of repetition, yet evading review.  See, e.g., Commonwealth ex rel. State Water Control Bd. v. Appalachian Power Co., 12 Va. App. 73, 76, 402 S.E.2d 703, 705 (1991) (*en banc*); In re Times-World Corp., 7 Va. App. 317, 323-24, 373 S.E.2d 474, 477 (1988).  This doctrine, however, "applies only in exceptional situations," Spencer v. Kemna, 523 U.S. 1, 17 (1998) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)), involving disputes of abbreviated duration where the party seeking review "can make a reasonable showing that he will again be subjected to the alleged illegality," Lyons, 461 U.S. at 109.

We need not examine this mootness exception in any detail here because the VSP's argument fails at its threshold.  The requested file may well have involved an ongoing

investigation at the time the deputy commissioner issued the subpoena. Even so, the VSP officially closed the investigation prior to complying with the subpoena. Thus, this case does not present a situation where an alleged illegality has already taken place, but appellate review has been thwarted by the offending party's voluntary cessation of the challenged conduct. Just the opposite: The offended party cured the alleged illegality before it could occur.[1] This event ended our role in this case because "mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so." Spencer, 523 U.S. at 18. The requirement of a live, litigable controversy precludes us from "pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id.

In short, by declaring the investigation closed prior to producing the subpoenaed investigatory file, the VSP rendered moot its argument on appeal that disclosing the contents of an "ongoing" investigatory file violates Code § 52-8.3.

We thus dismiss this appeal as moot.

Dismissed.

---

[1] Cf. United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953) (reasoning if defendant's voluntary cessation of the allegedly illegal conduct mooted a case, courts would be compelled to leave the defendant "free to return to his old ways"), with Arizonans for Official English v. Arizona, 520 U.S. 43, 72 (1997) (finding case moot where plaintiff resigned from public sector employment to work in the private sector where her speech was no longer governed by the state constitution).