COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


TAMEKA WADDY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2138-07-4                    JUDGE ROBERT P. FRANK
                                                          JUNE 30, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Paul E. Pepper, Deputy Public Defender, for appellant.

Gregory W. Franklin, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief[1]), for appellee.


Tameka Waddy, appellant, was convicted, in a jury trial, of uttering a false check, in

violation of Code § 18.2-172.  On appeal, she assigns error to the trial court's imposition of six

months of post-release supervision, pursuant to Code § 19.2-295.2.  For the reasons stated, we

dismiss the appeal as moot.

BACKGROUND

We will recite only those facts that are relevant to this appeal.  "On appeal, 'we review the

evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831

(1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Briefs in this appeal were filed before the resignation of Attorney General McDonnell.

So viewed, on August 3, 2007, a jury convicted appellant of uttering a false check. The jury recommended thirty days in jail. The trial court initially imposed the jury's recommendation. The Commonwealth asked the trial court to impose a period of post-release supervision. Appellant argued that the statute should not apply unless there was an active sentence of at least six months. The trial court withheld imposition of appellant's sentence and continued the matter to allow the parties to brief the issue.

On August 9, 2007, after considering the arguments of counsel, the trial court found that Code § 19.2-295.2 "is plain on its face." The court imposed an additional term of six months, suspended that time, and subjected appellant to a six-month term of post-release supervision pursuant to Code § 19.2-295.2. This appeal follows.

ANALYSIS

Appellant contends the trial court erred in imposing six months of post-release supervision under Code § 19.2-295.2. Appellant asserts that the statute does not apply to her because the jury sentenced her to only thirty days, making it impossible for the trial court to suspend at least six months of the sentence, as contemplated by the statute. Appellant contends that the trial court erred in interpreting the statute to require supervision of felony offenders sentenced by a jury to less than six months in jail, but not to require supervision for felony convictions where the jury has sentenced the offender to any sentence greater than six months. Appellant argues that the trial court's interpretation of the statute creates a manifest absurdity.

The Commonwealth responds that this appeal is moot, because appellant's basis for her argument no longer exists. We agree. Appellant has served her active sentence, and her post-release supervision period has been completed. Generally speaking, "'[m]oot questions are not justiciable and courts do not rule on such questions to avoid issuing advisory opinions.'" In re Times-World Corporation, 7 Va. App. 317, 323, 373 S.E.2d 474, 477 (1988) (quoting

United States v. Peters, 754 F.2d 753, 757 (7th Cir. 1985)).  Under established law, our duty is

"'to decide *actual* controversies by a judgment which can be carried into effect, and not to give

opinions upon moot questions or abstract propositions, or to declare principles or rules of law

which can not affect the matter in issue in the case before it.'"  Potts v. Mathieson Alkali Works,

165 Va. 196, 225, 181 S.E. 521, 533 (1935) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)

(emphasis added)).

However, it is equally settled that "'jurisdiction is not necessarily defeated by the practical

termination of a contest which is short-lived by nature.'"  In re Times-World Corporation, 7

Va. App. at 323, 373 S.E.2d at 477 (quoting Richmond Newspapers v. Virginia, 448 U.S. 555,

563 (1980)).  If an appeal's underlying dispute is "'capable of repetition, yet evading review,'" it

is not moot.  Richmond Newspapers, 448 U.S. at 563 (quoting Southern Pacific Terminal Co. v.

ICC, 219 U.S. 498, 515 (1911)).  However, this doctrine "'applies only in exceptional

situations,'" involving disputes of necessarily abbreviated duration where the party seeking

review "'can make a reasonable showing that he will again be subjected to the alleged

illegality.'"  Va. State Police v. Elliott, 48 Va. App. 551, 554, 633 S.E.2d 203, 204-05 (2006)

(quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)).

Here, however, appellant has not made a showing that she will again be subjected to

post-release supervision upon a sentence of less than six months for a felony conviction.

Therefore, we dismiss this appeal as moot.  Virginia Tech v. Interactive Return Service,

271 Va. 304, 308 n.2, 626 S.E.2d 436, 438 n.2 (2006).

Dismissed.