COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, McCullough and Senior Judge Bumgardner
Argued at Richmond, Virginia


PHILIP MORRIS USA, INC.

v.        Record No. 0648-11-2

JAMES E. BLANKENSHIP
                                          MEMORANDUM OPINION[*] BY
                                          JUDGE STEPHEN R. McCULLOUGH
JAMES E. BLANKENSHIP                      NOVEMBER 22, 2011

v.        Record No. 0667-11-2

PHILIP MORRIS USA, INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Michael N. Salveson (Andrea Zizzi; Littler Mendelson, P.C., on
            briefs), for Philip Morris USA, Inc.

            Brody H. Reid (Seth R. Carroll; Reid Goodwin, PLC; Geoff
            McDonald & Associates, P.C., on briefs), for James E. Blankenship


        These consolidated appeals present two issues.  The first issue is whether the Workers'

Compensation Commission ("the commission") erred in affirming an award of benefits to

James E. Blankenship ("claimant").  The second issue is whether the rules of the commission

allow an employer unilaterally to suspend benefits upon concluding that an employee's medical

condition has resolved and, if so, whether this practice violates the Due Process Clause of the

Fourteenth Amendment.  With respect to the first question, we hold that the commission did not

err in awarding benefits to the claimant.  Our resolution of the first question renders the second

question moot, and, therefore, we dismiss the second appeal.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

I. SUFFICIENCY OF THE EVIDENCE

On April 19, 2005, the claimant was injured when he attempted to lift a heavy gear box. Shortly afterwards, he sought medical treatment for low back pain. This incident was not the claimant's first exposure to back pain. He underwent multiple disc surgeries in the 1970s as well as a three-level anterior-posterior fusion in 1989. For several months, he received physical therapy and medication, as prescribed by a board certified orthopedic surgeon, Dr. Vanichkachorn. On August 1, 2005, Dr. Vanichkachorn noted that claimant was "doing very well," that he was "off of all pain medications," and that his low back pain had "resolved." Dr. Vanichkachorn stated that the claimant would "do better if he had a job where he did not lift more than 25-30 pounds. Otherwise, he can return to his normal hours." In December of 2005, the claimant experienced "a flare-up of his chronic back pain." Dr. Vanichkachorn diagnosed the claimant with chronic low back pain.

In March of 2006, the claimant submitted to a functional capacity evaluation. This detailed evaluation found that the claimant was capable of a return to competitive employment, but recommended a lifting restriction of no more than 30 pounds.

Two years later, in April of 2008, the claimant sought further treatment, again in connection with lower back pain. Dr. Vanichkachorn recommended a return to physical therapy, as well as medication, to treat claimant's symptoms. This course of treatment continued for several months. On October 13, 2008, Dr. Vanichkachorn completed a form submitted by the employer, in which he noted that the claimant's strain had been temporary in nature and that it had resolved by August 2005. On December 18, 2008, however, Dr. Vanichkachorn completed a form stating that claimant's preexisting back condition had been "aggravated by the lift injury on April 19, 2005." Dr. Vanichkachorn wrote "I believe that his 25-30 lb[.] restriction is

permanent," and he checked a box on the form stating that "within a reasonable degree of medical probability . . . Mr. Blankenship's current condition and symptoms are directly related to his work injury" that occurred in April of 2005.

Dr. Vanichkachorn explained in his deposition that when he indicated the injury had "resolved," he was referring to "[t]he initial symptom at that time." The claimant was reporting fewer symptoms, and this led Dr. Vanichkachorn to conclude that claimant could return to work. Dr. Vanichkachorn stated that he did not believe the claimant's symptoms would ever be resolved. The typical patient, Dr. Vanichkachorn noted, faces a certain amount of "waxing and waning" with respect to back pain. Although ordinarily a lumbar strain does not last three years, Dr. Vanichkachorn explained, it can last "forever," and it is difficult to "know who is going to end up with a chronic problem." Dr. Vanichkachorn acknowledged that, at the time, based on the available information, he believed the claimant's problem was temporary and had resolved. He stated his opinion that the 25-pound or 30-pound lifting restriction was necessary due to the claimant's medical condition and that it was directly related to the April 2005 incident. Dr. Vanichkachorn further stated that, within a reasonable degree of medical probability, the claimant's current condition and symptoms were related to his April 2005 accident.

On September 15, 2009, Dr. Jim Brasfield completed a review of claimant's medical records at the request of the employer, in which he concluded that the claimant's pain from 2005 had "resolved." Dr. Brasfield wrote that, "[b]ased upon the records, there is no evidence to support the contention that the patient's lumbar strain of April 19, 2005 'aggravated' the claimant's preexisting lumbar spine problems." He further opined that "the lifting restrictions imposed . . . by Dr. Vanichkachorn are not supported by the records."

The claimant testified at a hearing before Deputy Commissioner Bruner. He stated that he worked at Philip Morris for 30 years, that his work often required him to lift heavy objects,

and that he occasionally would experience a sore back. For fifteen years prior to the 2005 accident, he had not seen a physician to treat his back.

The deputy commissioner denied the employer's application to terminate benefits, concluding that "the employer has failed to prove that the claimant's disability is unrelated to the compensable accident or that his injury has resolved." The employer appealed. The commission affirmed the award of the deputy commissioner. The employer appeals.

## II. DUE PROCESS

Following claimant's April 2005 injury, the employer agreed on November 10, 2005 to provide benefits. On October 22, 2008, the employer mailed an Application for Hearing asserting that claimant's injury had resolved. Relying on Commission Rules 1.4 and 1.5, the employer unilaterally suspended benefits on that date. In response, counsel for the claimant docketed a judgment in the Circuit Court for the City of Richmond on the theory that the claimant had not been paid money he was owed. Counsel then petitioned the circuit court for a writ of execution. The circuit court clerk and the sheriff attempted to execute the writ, but did not successfully levy on any of the employer's property.

The employer obtained an emergency hearing to determine whether the employer was in compliance with the award of benefits. The deputy commissioner concluded that the employer was in compliance with the award and that Rule 1.5 permitted the employer to suspend an award during the pendency of the employer's application to terminate benefits. The deputy commissioner also rejected the claimant's contention that this unilateral suspension of benefits violated his due process rights. The claimant appealed to the commission, which likewise rejected the claimant's interpretation of the commission's rules and his due process argument. This Court dismissed the appeal without prejudice on the basis that it was an interlocutory appeal

over which the Court lacked jurisdiction. The Supreme Court of Virginia likewise dismissed the appeal for lack of jurisdiction.

## ANALYSIS

### I. THE STANDARD OF REVIEW COMPELS AFFIRMANCE OF THE COMMISSION'S DECISION WITH RESPECT TO THE CLAIMANT'S INJURY

The employer first argues that the commission erred as a matter of law in finding that a precautionary lifting restriction constitutes a sufficient basis for a finding of work disability. The employer further argues that the commission erred in finding that the claimant's ongoing back condition remained causally related to his work injury after the treating physician determined that the injury had "resolved."

"Where, as here, causal connection between an industrial accident and disability has been established by the entry of an award, an employer has a right to apply for termination of benefits upon an allegation that the effects of the injury have fully dissipated and the disability is the result of another cause." Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985). The burden in this instance rests on the employer to establish by a preponderance of the evidence that the claimant's disability is no longer causally related to the work injury. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986).

"On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005). This standard of review is a powerful aid to the litigant who prevailed before the commission and a difficult obstacle for the litigant who asks the Court to view the evidence in a different light.

Under this standard, the evidence establishes that Dr. Vanichkachorn initially believed that the claimant's back problems had resolved. Dr. Vanichkachorn stated that the claimant

- 5 -

"would do better if he had a job where he did not lift more than 20-30 pounds." Faced with the claimant's continuing symptoms, Dr. Vanichkachorn reassessed this diagnosis in light of the evidence. He explained that the claimant's current condition and symptoms are related to his April 2005 accident. Dr. Vanichkachorn stated that the lifting restriction is directly related to the 2005 accident, that this restriction is still in place, and that the restriction is medically necessary.

The employer's argument is chiefly based on a snapshot of the evidence rather than the entirety of the evidence in the record. This is not a situation involving a claim that had fully resolved but which was accompanied by common sense precautionary restrictions to prevent a recurrence of injury.[1] Rather, when examined under the applicable standard of review, the evidence, including the testimony from Dr. Vanichkachorn and the functional capacity evaluation, establishes an ongoing injury that prevents the claimant from lifting 25 to 30 pounds. Furthermore, under the posture of this case, the allocation of the burden of proof is significant. The burden rested with the employer. The commission was not required to accept the testimony of Dr. Brasfield, who did not personally examine the claimant and whose expertise and opinion was obtained by the employer.

In light of the standard of review, we affirm the decision of the commission.

## II. THE CLAIMANT'S DUE PROCESS ARGUMENT IS MOOT

Claimant argues that the commission's rules should not be read to permit an employer to unilaterally suspend benefits prior to a hearing, but if they are so read, such a suspension would violate the Due Process Clause. We decline to reach this argument because it is moot. In fact, the claimant's appeal is doubly moot: first, he received a hearing, thereby mooting the claim that

---

[1] For this reason, we find unpersuasive the employer's reliance on Testerman v. Thomas Builders, Inc., No. 192-39-73 (Va. Workers' Comp. Comm'n Jan. 7, 2000); Holley v. Newport News Shipbldg. & Dry Dock Co., No. 165-21-58 (Va. Workers' Comp. Comm'n July 12, 1999), and other cases.

his procedural due process rights were violated, and, second, his benefits have been restored, ending any controversy between the parties.[2] Consequently, any opinion on the subject would be purely advisory. As we explained in Virginia Dep't of State Police v. Elliott, 48 Va. App. 551, 554, 633 S.E.2d 203, 204 (2006) (quoting Hankins v. Town of Virginia Beach, 182 Va. 642, 643-44, 29 S.E.2d 831, 832 (1944)),[3] when

> "[t]here is no actual controversy between the litigants, or that, if it once existed it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded."

CONCLUSION

We affirm the decision of the commission declining to terminate benefits, and we further dismiss the claimant's appeal as moot.

Record No. 0648-11-2 affirmed;

Record No. 0667-11-2 dismissed.

---

[2] Code § 65.2-707 also provides for the award of interest to a claimant in this situation.

[3] Although in narrow circumstances courts may address moot questions, Elliott, 48 Va. App. at 554, 633 S.E.2d at 204-05, we have no occasion to do so here. First, the claimant does not argue that such an exception applies. Second, there is no factual record upon which to determine whether an exception applies.