COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and Russell
Argued at Leesburg, Virginia

UNPUBLISHED

CRAIG BROWN AND
 BONNIE BROWN

                                                          MEMORANDUM OPINION[*] BY
v.      Record No. 0330-19-4              CHIEF JUDGE MARLA GRAFF DECKER
                                                          DECEMBER 27, 2019

DANIEL CERNIGLIA AND
 MILLICENT CERNIGLIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy C. Hudson, Judge

Craig A. Brown (The Law Office of Craig A. Brown, PLLC, on
briefs), for appellants.

Norman A. Thomas (Norman A. Thomas, PLLC, on brief), for
appellee.


     Craig and Bonnie Brown (the appellants) appeal a circuit court order dismissing their

appeal of a juvenile and domestic relations district court (J&DR court) order.  The J&DR court

awarded custody of C.B., the biological daughter of the appellants, to Daniel and Millicent

Cerniglia (the appellees).  The appellees argue that the decision of the circuit court should be

affirmed and ask for an award of appellate attorney's fees and costs.  For the reasons that follow,

we affirm the circuit court's decision and deny the appellees' request for fees and costs.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

In 2018, the appellees petitioned for sole custody of C.B.  On September 20, 2018, the J&DR court entered an order awarding the appellees sole legal and physical custody.

The appellants noted their appeal of that order to the circuit court on September 28, 2018.  In January 2019, the appellees filed a motion seeking dismissal because C.B. had turned eighteen years old in November 2018.  The appellants responded that the case was not moot due to the possibility of adverse effects that could extend past C.B.'s eighteenth birthday.  They also suggested that the circuit court retained jurisdiction despite the fact that C.B. was no longer a minor.

The circuit court held that no relief could be granted and that it lacked jurisdiction because C.B. had turned eighteen.  Based on this holding, the court dismissed the case.

## II. ANALYSIS

The appellants argue that the circuit court erred by dismissing the case because there was relief that could be granted and it retained jurisdiction to consider the issues before it.  The appellees disagree, argue that the decision should be affirmed, and ask for an award of attorney's fees and costs on appeal.

### A.  Mootness

The appellants contend that the case was not rendered moot when C.B. turned eighteen because they face continuing collateral consequences from the decision and relief is available.  They suggest that a ruling that the challenged J&DR custody order remains valid may

---

[1] The relevant facts are uncontested.  Although the record is sealed, this appeal necessitates unsealing relevant portions of the record for purposes of resolving the issues raised.  Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

"jeopardize" their "standing in the law with regard to their remaining minor children."  In addition, the appellants contend that another collateral consequence is the potential to deprive them of tax benefits.

The burden of establishing mootness is on the party alleging it, unless a court raises the issue *sua sponte*.  Reston Hosp. Ctr., LLC v. Remley, 63 Va. App. 755, 767 (2014) (noting that a court can consider whether a case is moot even if the parties did not raise the issue).

As a general principle, a case is moot when the "controversy that existed between litigants has ceased to exist."  Chaffins v. Atl. Coast Pipeline, LLC, 293 Va. 564, 571 (2017) (quoting E.C. v. Dep't of Juv. Justice, 283 Va. 522, 530 (2012)).  "It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded."[2]  Id. (quoting E.C., 283 Va. at 530); see Va. Dep't of State Police v. Elliott, 48 Va. App. 551, 554 (2006) (quoting Hankins v. Town of Va. Beach, 182 Va. 642, 643-44 (1944)).  Nevertheless, the controversy between the parties still exists if there is a continuing adverse effect and relief that can still be afforded.  Tazewell Cty. Sch. Bd. v. Brown, 267 Va. 150, 157-58 (2004); see also E.C., 283 Va. at 531 (describing an ongoing adverse effect of a conviction as a "collateral consequence").

It is clear that once a child reaches the age of majority, the question of custody itself is no longer an issue.  See Code § 20-124.2 (governing child custody decisions); Miederhoff v. Miederhoff, 38 Va. App. 366, 373 (2002) (holding that once the child reached the age of majority, he "was no longer subject to" parental custody); Turner v. Turner, 3 Va. App. 31, 33 (1986) (noting that a petition for change in custody is rendered moot by the child's eighteenth

---

[2] An exception to this general principle exists "[i]f the underlying dispute is capable of repetition, yet evading review."  Va. Broad. Corp. v. Commonwealth, 286 Va. 239, 248 (2013) (quoting Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 563 (1980)).  The appellants do not contend that this exception applies here.

birthday). However, the appellants do not seek custody of C.B. Instead, they claim that the J&DR custody order continues to negatively impact them despite resolution of the primary issue. The appellants point to the possibilities of adverse effects on their legal relationship with their remaining minor children and of negative income tax consequences.

### 1. Legal Relationship with Other Children

The appellants claim that the J&DR custody order, if allowed to remain valid, could adversely affect their legal relationship with their other children and, consequently, the circuit court erred when it dismissed the case without reaching the merits.

"[A] case may remain alive based on '[c]ollateral consequences[, which] may be found in the prospect that a judgment will affect future litigation or administrative action.'" Hyosung TNS Inc. v. Int'l Trade Comm'n, 926 F.3d 1353, 1358 (Fed. Cir. 2019) (second and third alterations in original) (quoting 13C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533.3.1 (3d ed. 2008)). Despite this principle, if the threat is too "remote and speculative" a possibility, it is not sufficient to keep the case or controversy alive. See Allen v. Likins, 517 F.2d 532, 534-35 (8th Cir. 1975); see also Cilwa v. Commonwealth, No. 161278, at *4 (Va. Dec. 14, 2017) (unpublished order) (acknowledging that "some of the collateral consequences resulting from the judgment of the trial court may be too remote and speculative to defeat a claim of mootness"); Commonwealth v. Harley, 256 Va. 216, 219 (1998) (holding that the Commonwealth's assertion that a Court of Appeals opinion caused harm was speculative and therefore its claim on appeal was moot).

In the instant case, the possibility that the existing J&DR custody order could affect the appellants' legal relationship with their two remaining minor children is pure speculation based on the facts before us. See generally Code § 20-124.2(A) (requiring a court to consider "all the facts" in determining child custody). No evidence in the record suggests that the Department of

Social Services has or will take any action regarding the other two children. Further, a circuit court is required to consider a plethora of factors in assessing child custody. See Code § 20-124.3. That court must then weigh all of the facts in order to reach the ultimate conclusion regarding legal custody. See id. Nothing in the existing record supports the appellants' purely hypothetical claim.

The appellants do not cite any case for the proposition that a parent's relationship with another child is relevant to a custody determination. See generally McEntire v. Redfearn, 217 Va. 313, 316 (1976) (holding that a "prior merits custody determination . . . adverse to the parent" involving the *same* children may be a relevant factor in a subsequent custody determination). Under these circumstances, the mere possibility that the ruling relating to C.B. could have future ramifications on the appellants' custody of their other two children is not an assertion of harm sufficient to prevent this case from becoming moot. See Allen, 517 F.2d at 534-35 (holding that an adverse custodial decision was moot despite the possibility of affecting a future custodial decision).

The appellants rely on Tazewell County School Board v. Brown, 267 Va. 150, for the proposition that if they prevail on appeal, the circuit court could afford them relief other than custody of C.B. In Tazewell, which involved the suspension of a school employee, the Supreme Court held that the employee suffered ongoing adverse effects despite his reinstatement to his position. Id. at 157-58. Those effects were that the "fact[s] . . . and reasons" for the employee's suspension remained in his personnel file. Id. at 157. The Code of Virginia provides a grievance procedure under which school board employees can challenge unfounded information contained in their personnel files. Id. (citing Code § 22.1-295.1). The Supreme Court reasoned that the employee had presented a cognizable claim because the potential relief if he won on appeal was that he could pursue the available grievance procedure. Id. at 157-58. Tazewell differs

significantly from the case at hand. An employee's ability to institute a grievance procedure is substantially more concrete than the alleged relief asserted here of removing the chance of the custody order being weighed against the appellants in any future hypothetical proceedings involving their younger children.

In addition, the appellants argue that this case is analogous to E.C. v. Department of Juvenile Justice, 283 Va. 522, and Paugh v. Henrico Area Mental Health & Developmental Services, 286 Va. 85 (2013). In E.C., the Supreme Court of Virginia held that the petitioner faced collateral consequences from his convictions due in part to the requirement that he register as a sex offender. 283 Va. at 531, 536. In Paugh, the Court similarly concluded that Paugh could appeal his commitment order despite his release from commitment. 286 Va. at 88 n.2. The "particular collateral consequence aggrieving [him was] the effect of a commitment order on his ability to possess firearms." Paugh, 286 Va. at 93 n.2 (Mims, J., concurring). Both of these cases are distinguishable because the collateral consequences were not speculative.

Therefore, the possibility of the custody order negatively affecting the appellants' custody of their other two children is not a collateral consequence that prevents this case from becoming moot. See Allen, 517 F.2d at 534-35.

## 2. Tax Consequences

The appellants argue that the custody order could have negative income tax consequences by divesting them of their ability to claim C.B. as a dependent and to make use of the earned income credit.[3]

---

[3] The appellees counter that a separate J&DR order awarded the appellees the ability to claim C.B. as a dependent for tax purposes. However, this order is not in the record. See generally CPM Va., LLC v. MJM Golf, LLC, 291 Va. 73, 85 (2015) (noting that it is generally "improper for a litigant to present to an appellate court evidentiary documents outside the trial court record"). Therefore, we do not consider it in deciding whether the custody case is moot.

In addition, to the extent that the appellants suggest that the custody order had other adverse tax effects on them, they neither make argument nor cite any authority for this

A taxpayer may claim an exemption for a dependent for income tax purposes. 26 U.S.C § 151(c). A child can be a dependent if he or she is a "qualifying child." 26 U.S.C. § 152(a)(1). Similarly, the earned income credit calculation is affected by "qualifying" children. See 26 U.S.C. § 32(b). A qualifying child must live with the taxpayer for more than half of the taxable year. 26 U.S.C. § 152(c)(1). That child must also be younger than nineteen at the end of the calendar year or be a student younger than twenty-four. 26 U.S.C. § 152(c) (providing exceptions to this general rule that are not applicable to this case).

C.B. turned eighteen years old in 2018. She was eligible to be a qualifying child for dependency and earned income purposes that year. However, going forward, any hypothetical change to the custody order could not change with whom she lived in 2018. Since C.B. had to actually reside with the appellants in order for them to claim her as a qualifying child, the appellants' claim of adverse tax consequences stemming from her custody status is also moot. Cf. Fish v. Fish, 939 A.2d 1040, 1044 n.8 (Conn. 2008) (holding that the appeal was not moot because the father "may be entitled to favorable tax and other financial consequences should he prevail").

C.B. could possibly be a qualifying child until the age of twenty-four if she is a student, but after she reached majority at the age of eighteen years, no person has custody of her, and her living arrangements are no longer controlled by the J&DR order. Therefore, we fail to see how the J&DR custody order could possibly impact her status as a qualifying child past age eighteen.

---

proposition. See Rule 5A:20(e) (requiring that an appellant's opening brief contain "the argument" and supporting "principles of law and authorities"). Consequently, we do not address the appellants' suggestion of possible further negative tax consequences of the custody order.

For these reasons, we hold that this case is moot. <u>See, e.g.</u>, <u>Elliott</u>, 48 Va. App. at 555 (holding that the case was moot because there was no continuing controversy). Consequently, we affirm the circuit court's decision to dismiss the matter.[4]

## B. Attorney's Fees

The appellees request an award of appellate attorney's fees and costs.

Pursuant to Rule 5A:30, in specified cases in which attorney's fees are recoverable under Title 20 of the Code of Virginia, the Court of Appeals may award some or all of the fees requested or "remand the issue to the circuit court . . . for a determination thereof." Rule 5A:30(b)(1), (2). Whether to award fees is discretionary. <u>See</u> Rule 5A:30(a), (b). In determining whether to make such an award, we may consider factors including whether the requesting party has prevailed, whether the appeal was "fairly debatable" or frivolous, and whether other reasons exist to support an award of attorney's fees and costs. <u>See</u> Rule 5A:30(a), (b)(3), (b)(4); <u>Brandau v. Brandau</u>, 52 Va. App. 632, 642 (2008); <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695 (1996). In addition, Rule 5A:30(b)(3) specifically directs this Court to "consider all the equities of the case."

Considering all the factors set out in Rule 5A:30 and the applicable case law, we do not require the appellants to pay the appellees' attorney's fees and costs. The question of mootness is not frivolous. Accordingly, we exercise our discretion to decline to make an award of

---

[4] In light of this holding, which constitutes the best and narrowest ground, we do not reach the appellants' argument that the trial court erred in dismissing the case because it retained jurisdiction past C.B.'s eighteenth birthday. <u>See generally</u> <u>Davis v. Cty. of Fairfax</u>, 282 Va. 23, 30 (2011) (holding that when a *de novo* appeal is taken to a circuit court, that court "obtain[s] appellate jurisdiction over [the] suit derivatively" from the lower court); <u>Cumbo v. Dickenson Cty. Dep't of Soc. Servs.</u>, 62 Va. App. 124, 127 n.2 (2013) (noting that appellate courts decide cases on the "best and narrowest" ground (quoting <u>Luginbyhl v. Commonwealth</u>, 48 Va. App. 58, 64 (2006) (*en banc*))).

attorney's fees and costs to the appellees.  <u>See, e.g.</u>, <u>Wright v. Wright</u>, 61 Va. App. 432, 470 (2013).

## III.  CONCLUSION

For the foregoing reasons, we hold that the circuit court correctly dismissed the case as moot.  Nonetheless, we deny the appellees' request for an award of appellate attorney's fees and costs.  We affirm the decision of the circuit court.

<u>Affirmed.</u>