COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Russell and Athey
Argued by teleconference

BWX TECHNOLOGIES AND
 ACE AMERICAN INSURANCE CO.

v.      Record No. 1683-19-3                    MEMORANDUM OPINION[*] BY
                                                JUDGE ROBERT J. HUMPHREYS
DAVID W. ASHBY                                        MAY 5, 2020

DAVID W. ASHBY

v.      Record No. 1735-19-3

BWX TECHNOLOGIES AND
 ACE AMERICAN INSURANCE CO.

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

    Michael P. Gardner (Erin B. Ashwell; Christopher W. Stevens;
    Frank K. Friedman; Woods Rogers PLC, on briefs), for BWX
    Technologies and Ace American Insurance Co.

    Philip B. Baker (Sanzone & Baker, L.L.P., on briefs), for David W.
    Ashby.


    On September 20, 2019, the Workers' Compensation Commission ("the Commission"),

despite finding that David W. Ashby ("Ashby") did not unjustifiably refuse selective

employment, denied his claim for temporary partial disability benefits because he presented no

evidence that he marketed his residual capacity. All parties before the Commission appeal. In

their appeal, BWX Technologies ("BWX") and Ace American Insurance Co. ("Ace American")

contend the Commission erred in holding Ashby did not unjustifiably refuse selective

─────────────────

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

employment.  In his appeal, Ashby argues that the Commission erred in *sua sponte* finding that he failed to adequately market his residual capacity.

## I.  BACKGROUND

On May 17, 2017, Ashby sustained a cervical injury while working for BWX as a hot sizing mill operator.  In June 2018, after a period of temporary total disability, Ashby returned to his pre-injury position and worked with restrictions.  However, after a functional capacity evaluation in August 2018, BWX human resources informed Ashby that he could no longer continue in the same job.  BWX then offered Ashby three jobs within his capacity.  All three positions operated on different shifts, and Ashby selected the position that paid the lowest hourly rate because that position operated on the day shift.

On January 8, 2019, Ashby filed a hearing request seeking temporary partial disability beginning October 15, 2018.  Following the hearing, the deputy commissioner found that there was no unjustified refusal because, by the very nature of offering three jobs, Ashby was required to refuse two.  Nevertheless, despite BWX not pleading or raising the issue, the deputy commissioner then *sua sponte* noted the fact that Ashby failed to produce evidence that he marketed his residual work capacity and ultimately denied Ashby's claim on that basis.  Ashby and BWX filed requests for review before the full Commission.

On September 20, 2019, the full Commission affirmed the deputy commissioner's decision for the reasons set forth by the deputy commissioner.  Specifically, with respect to Ashby's failure to market his residual capacity, the Commission held that a claimant seeking temporary partial disability has "an affirmative duty to prove that he marketed his residual capacity."  This appeal and cross-appeal follow.

## II.  ANALYSIS

### A.  Standard of Review

The Commission's findings of fact, if supported by credible evidence, will not be disturbed on appeal.  Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504 (1986) (citing Lewis v. Lynchburg Foundry Co., 204 Va. 303, 305 (1963)).  We construe the evidence in the light most favorable to the prevailing party below on the respective appeals before us.  Id. Questions of law, however, are reviewed *de novo*.  Fairfax Cty. Sch. Bd. v. Humphrey, 41 Va. App. 147, 155 (2003) (citing Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57 (1996)).

### B.  Marketing Residual Capacity

When an employee sustains a work-related injury that causes a temporary partial disability, the "claimant will receive compensation in the amount of two-thirds 'of the difference between his average weekly wages before the injury and the average weekly wages which he is *able to earn* thereafter.'"  Nat'l Linen Serv. v. McGuinn, 8 Va. App. 267, 270 (1989) (emphasis added) (quoting Code § 65.1-55 (current version at Code § 65.2-502)).  Thus, "[a] partially disabled employee 'who seeks compensation of the wage differential between his new and his old jobs, *has the burden of proving that he has made a reasonable effort to market* his full remaining work capacity.'"  Va. Nat. Gas, Inc. v. Tennessee, 50 Va. App. 270, 282 (2007) (emphasis added) (quoting McGuinn, 8 Va. App. at 270).  The determination of whether a partially disabled employee has adequately marketed his residual work capacity lies within the fact-finding judgment of the Commission, and its decision on that question, if supported by credible evidence, will not be disturbed on appeal.  Wall St. Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-21 (2000).

As a prerequisite to prevailing on his claim for temporary partial disability benefits, Ashby had an affirmative duty to present evidence from which the Commission could find that he made a reasonable effort to market his remaining capacity to work or that his injury left him no capacity to market. Accordingly, his argument that he only needed to present evidence on marketing if it was placed in issue by his employer as a defense in discovery or at the hearing is without merit. Moreover, Ashby was on notice that he needed to present evidence on marketing after the hearing before the deputy commissioner and could have presented such evidence to the full Commission. Because Ashby failed to present *any* evidence on marketing, the Commission's decision is supported by credible evidence.

Although Ashby contends that the marketing issue is related to the vocational rehabilitation issue that the deputy commissioner docketed for a separate hearing date, the vocational rehabilitation issue is a separate claim for benefits and that record is not made part of this appeal. Ashby's affirmative duty to market his residual capacity and present evidence of such marketing was not relieved by the existence of a separate and unrelated claim for vocational training benefits. By failing to present evidence of efforts to market his residual work capacity, Ashby failed to meet his burden to obtain an award of temporary partial disability benefits and the Commission did not err in denying his claim.

Because we find that, based on the record before us, Ashby was not entitled to benefits, we need not and do not address whether he justifiably refused selective employment. See Va. Dep't of State Police v. Elliott, 48 Va. App. 551, 554 (2006) (defining our duty to not render advisory opinions as the duty "not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it" (quoting Hankins v. Town of Va. Beach, 182 Va. 642, 644 (1944))). We therefore dismiss BWX and Ace American's appeal.

## III. CONCLUSION

For the reasons stated above, we affirm the judgment of the Commission in Record No. 1735-19-3 and dismiss the cross-appeal in Record No. 1683-19-3.

Record No. 1683-19-3, appeal dismissed.
Record No. 1735-19-3, affirmed.